IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LAURA CONROY, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br><br><br><br>          vs.<br><br><br>MIKE JOHANNS, Secretary of Agriculture, United States Department of Agriculture,<br><br>    Defendant. | ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE<br><br><br><br><br><br>Case No. 2:06-cv-867 |

Laura Conroy brings this suit pursuant to Title VII, 42 U.S.C. § 2000e-16, alleging, among other things, that the United States Forest Service discriminated against her and other female employees on account of their gender.  The defendant, Mike Johanns, has moved to dismiss Ms. Conroy's class claims, and has moved for summary judgment on the remainder of her claims.  Mr. Johanns asks this court to dismiss the class claims because Ms. Conroy failed to exhaust her administrative remedies — a prerequisite to bringing a Title VII claim in federal court.[1]  The court grants Mr. Johanns' motion to dismiss the class claims, finding Ms. Conroy

---

[1] *See Jones v. Runyon*, 91 F.3d 1398, 1399 (10th Cir. 1996).

failed to adequately assert the claims during the administrative process.  With respect to the

remainder of her claims, Ms. Conroy has filed a Rule 56(f) motion in response to Mr. Johanns'

motion for summary judgment.  In it, Ms. Conroy specifies additional discovery she needs to

adequately oppose Mr. Johanns' motion.  The court finds Ms. Conroy has made an adequate

showing under Rule 56(f).  The court, therefore, dismisses Mr. Johanns' motion for summary

judgment without prejudice to its refiling after the parties conduct discovery.

### BACKGROUND

From 1993 to 2001, Ms. Conroy performed the duties of an Infrastructure (INFRA)

Coordinator in Region 4 of the Forest Service, an agency of the United States Department of

Agriculture (USDA).  Ms. Conroy's duties included the design, development, testing, training,

documentation, and implementation of the INFRA database.  In 2001, the Forest Service

advertised the Coordinator position as a new position at a new salary level — entitled INFRA

Program Manager.  But Ms. Conroy's job duties from 1993 to 2001 were exactly the same as the

duties listed in the announcement for INFRA Program Manager.  The Forest Service announced

the position under the administrative series (which does not require a college degree) and under

the professional series (which requires a college degree).  Ms. Conroy has always worked under

the administrative series.

Ms. Conroy applied for the Program Manager position, and the Forest Service deemed

her to be qualified.  But the Forest Service did not interview Ms. Conroy and did not select her

for the position.  Instead, the Forest Service re-opened the job announcement with lowered

qualifications, and Ms. Conroy reaffirmed her interest in being considered for the position.

However, the lowered qualifications increased the pool of applicants allowed to apply for the position.  One of these applicants, Dan Hager, had no technical knowledge or abilities, but was hired for the position nonetheless.  Ms. Conroy alleges that under the original advertisement, Mr. Hager would not have qualified for the position.  Due to this, Ms. Conroy filed an Equal Employment Opportunity complaint in 2002, alleging age and gender discrimination.

In February 2004, the Forest Service announced the INFRA Program Manager position was again vacant.  Instead of listing the position in the professional and the administrative series again, the Forest Service listed the position in the professional series only — even though the duties of the 2004 position were substantially the same as before.  And although Ms. Conroy had over nine years' experience performing the duties of Program Manager, the Forest Service refused to acknowledge that her nine years of experience constituted experience equivalent to a bachelor's degree.  Ms. Conroy reapplied for the Program Manager position in 2004, but the Forest Service deemed her to be unqualified for it.

After receiving this notification, Ms. Conroy filed a complaint of employment discrimination with the USDA, based on theories of sexual discrimination and reprisal for bringing a prior EEO complaint.  Nowhere in the complaint did Ms. Conroy make class-based claims, and the complaint included no elements of a class claim such as numerosity, commonality, typicality, and adequacy of representation.  In 2004, however, Ms. Conroy's attorney, Eric Strindberg, twice wrote to the USDA requesting that a disparate impact claim be added to the plaintiff's administrative complaint.  And in a later-filed affidavit, Ms. Conroy alleged both that the Forest Service's classification of the INFRA Program Manager position

"create[ed] a disparate impact that directly affects [plaintiff]" and that it discriminated against women as a whole.[2]

Ms. Conroy first raised the possibility of pursuing class claims to the administrative law judge in a memorandum in support of a motion to compel discovery, filed October 5, 2005.  In an order ruling on the motion to compel, the ALJ noted that the agency had erred by failing to address Ms. Conroy's class disparate impact allegations, finding that "[u]pon conclusion of discovery, the complainant will be provided an opportunity to demonstrate that her allegation of disparate impact satisfies the elements for a class complaint."[3]  Ms. Conroy alleges that before she obtained full discovery from the Forest Service, a different ALJ took over the case.  On May 16, 2006, the new ALJ set a briefing schedule allowing Ms. Conroy to establish that she had complied with the regulation governing administrative class actions.  But Ms. Conroy never briefed the issue and never moved for class certification.  And Ms. Conroy never challenged the alleged failure of the Forest Service to fully comply with her discovery requests regarding her class claims.  Instead, Ms. Controy dismissed her administrative complaint and filed this suit.

In this suit, Ms. Conroy makes individual claims of retaliation and disparate treatment. She also makes claims of disparate impact on behalf of herself and "[a]ll current and former female employees of the federal government" who were rendered ineligible for consideration for the Region 4 INFRA Program Manager position in 2004 due to the decision to advertise the

---

[2] Conroy Aff., Oct. 15, 2004 (Docket No. 17, Att. A, Exh. B).

[3] Order Granting Compl.'s Mot. to Compel, In Part 2 (Docket No. 17, Att. B., Exh. B).

position in the professional job series.[4]  Mr. Johanns has filed a motion to dismiss and a motion

for summary judgment.  In response to the motion for summary judgment, Ms. Conroy has filed a

Rule 56(f) motion.

## I.       MOTION TO DISMISS

Mr. Johanns argues this court has no subject matter jurisdiction over Ms. Conroy's class

claims since Ms. Conroy failed to exhaust her class administrative remedies by following the

requisite specific, established procedures in the administrative proceeding.  Ms. Conroy does not

deny that she did not move for class status before the ALJ, but claims she otherwise attempted to

resolve her administrative class claims and was prevented from doing so.  She argues that

because of this, in light of equitable principles, her claims are appropriately before this court.

*(A)       Standard of Review*

Motions to dismiss under Federal Rule of Civil Procedure 12(b)(1) generally take two

forms.  First, where a party mounts a facial attack on the subject matter jurisdiction allegations in

a complaint, the court must accept the allegations in the complaint as true.[5]  In the second case,

where a party challenges the facts upon which subject matter jurisdiction depends, the court will

not presume the truthfulness of allegations in the complaint.[6]  In a factual challenge, courts have

broad discretion to consider evidence outside the pleadings such as affidavits and other

documents to resolve disputed jurisdictional facts.  This reference to outside evidence will not

---

[4] Am. Compl. ¶ 48.

[5] *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) (citation omitted).

[6] *Id.* at 1003.

covert the motion into a Rule 56 motion.[7]  Here, the defendant mounts a factual attack on the court's subject matter jurisdiction.  Accordingly, the court does not presume the truthfulness of the allegations in the plaintiff's complaint and refers to affidavits and other evidence to resolve disputed jurisdictional facts.

      *(B)*    *Discussion*

      The court dismisses Ms. Conroy's class claims because she did not comport with EEO regulations dictating the requirements for pursuing administrative class action discrimination claims.  It is well-established that a party must exhaust all administrative remedies before bringing her claim in federal court[8] — this includes class administrative remedies.[9]  "The requirement that a Title VII claimant exhaust administrative remedies serves the purpose of [giving] the agency the information it needs to investigate and resolve the dispute between the employee and the employer."[10]

      EEO regulations detail specific procedures for processing administrative class claims.[11] For instance, before filing a Title VII claim in federal court, a party must first file an

---

    [7] *Id.* (citation omitted).

    [8] *See Runyon*, 91 F.3d at 1399.

    [9] *Gully v. Orr*, 905 F.2d 1383, 1385 (10th Cir. 1990).

    [10] *Khader v. Aspin*, 1 F.3d 968, 971 (10th Cir. 1993) (internal quotations and citation omitted).

    [11] 29 C.F.R. § 1614.204.

administrative complaint with the EEOC.[12]   Like class certifications pursued under Rule 23 of

the Federal Rules of Civil Procedure, class certification procedures in administrative actions

must include allegations of numerosity, commonality with other class members, typicality, and

adequacy of representation.[13]  Further, in the class complaint, the complainant must "identify the

policy or practice adversely affecting the class as well as the specific action or matter affecting

the class agent."[14]  Although a complainant "may move for class certification at any reasonable

point in the process when it becomes apparent that there are class implications to the claim raised

in an individual complaint . . . [t]he administrative judge shall deny class certification when the

complainant has unduly delayed moving for certification."[15]  Additionally, an employee seeking

to file a class complaint must first seek counseling and be counseled pursuant to 29 C.F.R. §

1614.105.[16]  Finally, exhausting an individual claim of discrimination will not serve to exhaust a

class claim.[17]

      In this case, Ms. Conroy did not raise class claims in her EEO complaint.  Instead, she

asserted claims of discrimination and reprisal for filing a previous EEO complaint.  In her

administrative complaint, Ms. Conroy also failed to include any of the factors necessary for a

---

[12] *See Belhomme v. Widnall*, 127 F.3d 1214, 1216 (10th Cir. 1997) (citing 42 U.S.C. § 2000e-16(c)).

[13] 29 C.F.R. § 1614.204(a).

[14] *Id.* § 1614.204(c)(1).

[15] *Id.* § 1614.204(b).

[16] *Id.* § 1614.204(b).

[17] *See Belhomme*, 127 F.3d at 1217; *Gulley*, 905 F.2d at 1385.

class claim, as outlined in 29 C.F.R. § 1614.204(a).  Moreover, Ms. Conroy neglected to move

for class certification at any point in the administrative process.  When given the opportunity —

after being advised by the ALJ that she would need to submit a memorandum of points and

authorities documenting her compliance with class certification procedures — Ms. Conroy

submitted no memorandum and did not otherwise move for class status.[18]  Instead, Ms. Conroy

withdrew her complaint with the EEOC and filed this action in federal court.

Ms. Conroy does not contest that she failed to move for class status before the ALJ but,

rather, relies on the Supreme Court's holding in *Zipes v. Trans World Airlines, Inc.*[19] for the

proposition that failure to exhaust administrative remedies is not a jurisdictional defense and her

claims are subject to equitable principles.  In *Jones v. Runyon*,[20] the Tenth Circuit remarked on

some tension in later interpretations of *Zipes*.  Apparently, after *Zipes*, some courts have found

that rather than a jurisdictional requirement, a prior EEOC filing is a non-jurisdictional condition

precedent to the filing of a federal suit — a condition that can be waived by the defendant if not

asserted.[21]  But under Tenth Circuit precedent, an EEOC filing remains a jurisdictional

requirement.[22]

Ultimately, the distinction is unimportant in this case because whether the court views the

---

[18] *See* Pl.'s Mem. Opp'n to Defs.' Mot. to Dismiss Class Claims 7.

[19]  435 U.S. 385 (1982).

[20] 91 F.3d 1398 (10th Cir. 1996).

[21] *Id.* at 1400 n.1.

[22] *Id.*

filing requirement as a jurisdictional requirement or a waivable condition precedent, Ms. Conroy's class claims are barred.  If the EEOC filing is a jurisdictional requirement, the court lacks subject matter jurisdiction to hear this claim.  If the filing is a waivable condition precedent, the condition was not met and the defendants have not waived it.  Instead, the defendants have unequivocally asserted Ms. Conroy's failure to assert the claim before the EEOC.  In other words, the equitable principles Ms. Conroy seeks to invoke do not apply where she failed to file class claims before the EEOC prior to bringing an action in federal court and where the defendants object to this failure.

Ms. Conroy's equitable arguments also fail on more general grounds.  For instance, Ms. Conroy contends she repeatedly made her intent to pursue class claims clear to the Forest Service.  But the administrative procedures require more than this type of notice.  Ms. Conroy also claims she was unable to raise class claims during the administrative proceedings because the Forest Service refused to respond to her discovery requests seeking information related to those claims.  Ms. Conroy asks the court to refrain from "reward[ing] such conduct."[23]  With this argument, Ms. Conroy effectively asks this court to provide a remedy for what she contends was wrongly handled in the administrative proceeding.  But a new suit filed in federal court is not the place to object to administrative proceedings.  If Ms. Conroy felt "stonewalled"[24] by the Forest Service, she needed to pursue her objections regarding any failure to comply with discovery requests in the administrative venue or to appeal the final administrative decision.  But Ms.

---

[23] Pl.'s Mem. Opp'n to Defs.' Mot. to Dismiss Class Claims 2.

[24] *Id.*

Conroy did not do so. She declined to even address the Forest Service's alleged failure to provide full discovery regarding her class claims after a new ALJ had been assigned to the case. Although the process Mr. Conroy endured may have been frustrating, her failure to pursue it fully does not somehow make her class claims before this court proper.

In sum, Ms. Conroy failed to exhaust her administrative remedies, as she did not comport with the administrative procedures regulating the assertion of class claims. Because exhaustion of administrative remedies is a prerequisite to filing a complaint in federal court, Ms. Conroy cannot now assert her class claims before this court. The court, therefore, must grant Mr. Johanns' motion to dismiss Ms. Conroy's class claims.

## II.    MOTION FOR SUMMARY JUDGMENT — RULE 56(f) MOTION

In addition to his motion to dismiss Ms. Conroy's class claims, Mr. Johanns has filed a motion for summary judgment with regard to the remainder of Ms. Conroy's claims. Specifically, Mr. Johanns argues Ms. Conroy's 2001 non-selection claim is time-barred due to Ms. Conroy's failure to meet filing deadlines under Title VII; Ms. Conroy's disparate treatment claim fails because no reasonable trier of fact could conclude Ms. Conroy possessed the requisite qualifications for the position; Ms. Controy failed to establish a prima facie case of retaliation because she did not establish that retaliation motivated the Forest Service's decision not to choose her as INFRA program manager; and Ms. Conroy's disparate impact claim fails because the challenged employment decision does not constitute an "employment practice" and because no statistically significant gender disparities arose from that employment decision. Ms. Conroy responds to Mr. Johanns' argument that her 2001 claim is time-barred on the merits, but requests

additional time to respond to the remainder of his claims pursuant to Rule 56(f).[25]

As a side note, Mr. Johanns filed a motion for leave to file a surreply, arguing it would be necessary to respond to new information Ms. Conroy presented in her reply in support of her Rule 56(f) motion. The court recognizes the time has not yet run for Ms. Conroy to oppose this motion, but the court grants Mr. Johanns' motion nonetheless. Mr. Johanns attached the surreply as an exhibit to his motion,[26] and the court deems the surreply filed. The court finds this appropriate, even in light of Ms. Conroy's lack of opportunity to respond, because the surreply does not change the disposition of Ms. Conroy's Rule 56(f) motion. In other words, even when considering the surreply on its merits, the court finds it necessary to grant Ms. Conroy's Rule 56(f) motion.

*(A)     2001 Claim*

The only summary judgment claim not subject to Ms. Conroy's Rule 56(f) motion is Mr. Johanns' claim that Ms. Conroy's 2001 non-selection claim is time-barred. Basically, Mr. Johanns argues Ms. Conroy failed to timely request reconsideration of the EEOC's decision of August 9, 2005, regarding her 2001 non-selection.

Ms. Conroy indicates she needs no additional discovery to oppose Mr. Johanns' representation of the facts with regard to this claim. Instead, she maintains her request to reconsider was timely because by the terms of the EEOC's own decision, Ms. Conroy had until September 13, 2005, to file her appeal. She claims she filed the appeal within this time period —

---

[25] Fed. R. Civ. P. 56(f).

[26] *See* Def.'s Mem. in Support of Leave to File Surreply, Exh. 1 (Docket No. 36).

on September 12, 2005.  Instead of responding to Ms. Conroy's argument, Mr. Johanns refused

to address the issue on the merits, indicating he will wait to address it until Ms. Conroy opposes

the remainder of his summary judgment claims.

Because the court has not received full briefing with regard to this issue, the court denies

Mr. Johanns' motion for summary judgment with regard to the 2001 claim.  This denial is

without prejudice to the refiling of the motion at an appropriate time.

(B)      *Rule 56(f) Motion Regarding Ms. Conroy's 2004 Claims*

With respect to the remainder of her claims, Ms. Conroy has responded to Mr. Johanns'

motion for summary judgment by filing a Rule 56(f) motion to extend her response time until

after the close of discovery.  Because the court finds Ms. Conroy has adequately met Rule 56(f)'s

standards with regard to her these claims, the court grants Ms. Conroy's motion.

Rule 56(f) provides that if it should

appear from the affidavits of a party opposing the motion that the party cannot for
reasons stated present by affidavit facts essential to justify the party's opposition, the
court may refuse the application for judgment or may order a continuance to permit
affidavits to be obtained or depositions to be taken or discovery to be had or may
make such other order as is just.[27]

The affidavit supporting a Rule 56(f) motion "need not contain evidentiary facts," but must

"explain why facts precluding summary judgment cannot be presented."[28]  Such an affidavit is

adequate if it establishes "how additional time will enable [the plaintiff] to rebut [the] movant's

---

[27] *Id.*

[28] *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992).

allegations of no genuine issue of fact."[29]  Rule 56(f) motions should be liberally construed.

"[U]nless dilatory or lacking in merit, [a Rule 56(f)] motion should be liberally treated."[30]

In this case, Mr. Johanns filed his motion for summary judgment on the same day as he

filed his motion to dismiss.  In other words, he filed it before he even filed an answer.  Ms.

Conroy alleges she is unable to adequately oppose Mr. Johanns' version of the facts without

conducting discovery and she has outlined specific facts she disputes — facts she contends

additional discovery will allow her to oppose.  The disputed facts go to the heart of Ms. Conroy's

opposition, making her Rule 56(f) motion proper.  That the court has now dismissed Ms.

Conroy's class claims does not change the court's conclusion because Ms. Conroy's arguments

in support of the need for further discovery on her class claims support the need for discovery on

her individual claim of disparate impact as well.

With regard to Ms. Conroy's disparate impact claim, Ms. Conroy contends she possesses

evidence to indicate Mr. Johanns' representations are false but she needs further discovery to

prove it.  Specifically, Mr. Johanns has claimed that, as of 2004, agency policy prohibited posting

the INFRA Program Manager position interchangeably, so the Forest Service posted it only in the

professional series.  But Ms. Conroy maintains her evidence indicates this is false.  For instance,

in an affidavit, Paul Katz, the person responsible for drafting the Forest Service's policy

regarding classifying positions, asserts that the Forest Service's choice to classify the INFRA

---

[29] *Id.*

[30] *Id.*

Program Manager position in the professional series was "improper" and "irregular."[31]  He believes the decision was a "well planned and experienced procedure to specifically deny [Ms. Conroy] of her rights."[32]  Based on this, Ms. Conroy asks to conduct discovery to ascertain when (and if) the agency changed its previous practice of advertising in as many series as possible.  She also requests to depose those involved in the classification to determine how, why, and by whom, the decisions were made.

Mr. Johanns argues Ms. Conroy's disparate impact claim would fail even with such evidence, so the court should not grant her Rule 56(f) motion.  Mr. Johanns argues that, as a matter of law, the decision to advertise in the professional series was an isolated decision, rather than an employment practice giving rise to disparate impact.  But Ms. Conroy has adequately established the need for further discovery to establish a pattern of such conduct.  For example, Ms. Conroy has alleged inconsistencies between how positions are posted in the various Forest Service regions, between the qualifications of individuals holding the same position in different regions, and between the "required" qualifications for the same position from year to year.  Arguably, this inconsistency itself may constitute a "standard practice" under a disparate impact theory — a practice that disparately impacts a protected group.  Ms. Conroy points to the need for discovery as to the reasons behind these decisions by the Forest Service — a valid request in light of the alleged inconsistencies and Ms. Conroy's need to prove an employment practice gave rise to disparate impact.

---

[31] Katz Aff. 3 (Docket No. 33, Exh. 1).

[32] *Id.* at 4.

Additionally, Mr. Johanns argues the best evidence of a disparate impact of the decision, the applicant flow data, shows the decision did not affect a statistically significant group.  In other words, Mr. Johanns contends Ms. Conroy cannot prove her disparate impact claim because she was the only person interested in and qualified for the position — so even if the job classification excluded a greater number of women in theory, it did not exclude them in reality. The court finds this argument insufficient to support a grant of summary judgment against Ms. Conroy on this claim.  Ms. Conroy's Rule 56(f) motion, therefore, remains viable.  For one thing, Mr. Johanns' single 2001 statistic does not undercut Ms. Conroy's 2004 claim.  Mr. Johanns has submitted no evidence that Ms. Conroy was the only qualified and interested female employee in 2004.  Instead, his cited evidence shows only that Ms. Conroy was the sole administrative series applicant who was deemed qualified for the 2001 Program Manager opening.  The court cannot take the inferential leap required to find that such evidence means that of the female employees, only Ms. Conroy was qualified and interested in 2004.  Ms. Conroy is entitled to pursue discovery regarding the situation that existed in 2004.

With regard to her retaliation claim, Mr. Johanns argues Ms. Conroy cannot establish the causation element because of the time lapse between her protected activity and her 2004 non-selection.  But a showing of temporal proximity is not the only way to establish a causal connection.[33]  And Ms. Controy argues she plans to establish a causal connection through other means.  Her request for additional discovery on this point is valid.

Finally, in his surreply, Mr. Johanns tries to defeat Ms. Conroy's retaliation claim by

---

[33] *See Piercy v. Maketa*, 2007 U.S. App. LEXIS 7073, * 13 (10th Cir. Mar. 27, 2007).

arguing that each of the retaliatory acts Ms. Controy alleges occurred prior to Ms. Conroy's

protected EEO activity.  Mr. Johanns addresses three acts: the INFRA Program Manager position

description emphasizing duties not actually required; the classification of the position in the

professional series only; and the requirement of a college education.  The court notes that another

allegedly retaliatory act is the Forest Service's determination that Ms. Conroy's experience was

not the equivalent of the required education — an act Mr. Johanns does not specifically address.

Mr. Johanns argues each of the allegedly improper acts occurred in 2001, and Ms. Conroy filed

her EEO claim in 2002.  But the evidence Mr. Johanns cites is unpersuasive.

　　　　For instance, the cited evidence shows the position was classified in the administrative

and professional series in 2001, and this classification changed in 2004 to the professional series

only.  That the position was classified in the professional series in 2001 and 2004 does not

automatically disprove Ms. Conroy's allegation that its exclusion from the administrative series

in 2004 was retaliatory.  At this preliminary juncture, with only scanty information before it, the

court rejects Mr. Johanns' argument on this point.

　　　　Mr. Johanns also questions Ms. Conroy's request for additional discovery in light of the

previous administrative proceeding.  In brief, Mr. Johanns contends Ms. Conroy has received full

discovery already.  But Ms. Conroy disputed that claim at the administrative level and disputes it

now.  The court cannot find, from the limited evidence presented, that the Forest service properly

complied with all of Ms. Conroy's discovery requests at the administrative level, so the court

rejects this argument as grounds for defeating Ms. Conroy's Rule 56(f) motion.

　　　　In the end, Ms. Conroy has made an adequate showing under Rule 56(f) to prevent the

court from considering Mr. Johanns' summary judgment motion on the merits at this time.  But rather than deferring its ruling on Mr. Johanns' motion for summary judgment, the court finds it appropriate to deny the motion without prejudice.  This approach is necessary because this case is in a nascent stage and it is impossible to tell what facts may emerge from discovery.  Likely, the discovery period will allow the parties to more fully develop their facts and theories such that the current motion for summary judgment no longer will be complete or relevant.  Denying Mr. Johanns' motion without prejudice allows Mr. Johanns to revise or supplement his motion as necessary or appropriate, such that it may more comprehensively address the facts as they exist at that point.

### CONCLUSION

Ms. Conroy did not exhaust her administrative remedies as she not comport with the administrative procedures regulating class claims; thus, the court lacks subject matter jurisdiction to hear Ms. Conroy's class claims and must GRANT Mr. Johanns' motion to dismiss [#16]. With respect to the motion for summary judgment, Ms. Conroy has made an adequate showing under Rule 56(f) to require that the court allow time for additional discovery (even considering Mr. Johanns' surreply, which the court deems filed [#36, Exh.1]).  The court, therefore, DENIES the motion for summary judgment without prejudice to its refiling after the parties have advanced in discovery [#18], and GRANTS Ms. Conroy's Rule 56(f) motion, in part [#22].

DATED this 22nd day of June, 2007.

BY THE COURT:

_____

Paul G. Cassell
United States District Judge