APRIL L. HOLLINGSWORTH (Bar No. 9391)
ERIK STRINDBERG (Bar No. 4154)
**STRINDBERG & SCHOLNICK, LLC**
426 North 300 West
Salt Lake City, Utah 84103
Telephone: (801) 359-4169
Facsimile: (801) 359-4313
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| LAURA CONROY,<br>On Behalf of Herself and All Others Similarly Situated,<br><br>          Plaintiff,<br><br>vs.<br><br>**EDWARD SCHAFER,**<br>Secretary of Agriculture, United States Department of Agriculture,<br><br>          Defendant. | **PLAINTIFF'S MEMORANDUM RE: ATTORNEY-CLIENT PRIVILEGE**<br><br>Civil No. 2:06-CV-00867<br><br>Judge Dee Benson<br><br>Magistrate Judge Brooke Wells |

Plaintiff Laura Conroy ("Conroy"), by and through counsel, hereby submits Plaintiff's Memorandum Re: Attorney-Client Privilege.

**INTRODUCTION**

Conroy is a Forest Service employee working out of the Region 4 headquarters in Ogden. Starting in late 1994 she began working on the creation and implementation of a national data base program to track Forest Service Assets which was referred to as the INFRA program. Her work took place both on the national level (with the National INFRA team) and on the regional

level, where she served as the INFRA Coordinator for Region 4.  In approximately 2001, the Region decided to make the coordinator position permanent and Conroy applied for that position.  The region hired a male employee with virtually no INFRA experience to fill the position instead.  She applied again for the position in 2004, but the Region manipulated the job description so that Conroy could not qualify for the position – the same position she had performed for over 7 years.

On April 3, 2008, Conroy's counsel took the deposition of two <u>former</u> Forest Service employees. They had been members of the panel that reviewed the applications for the coordinator position in 2001, which panel decided not to hire Conroy. While trying to schedule those depositions, counsel for the Forest service stated that he did not control those witnesses , could not compel their attendance and that they would have to be subpoenaed. During the first deposition, counsel for the Forest Service objected when Conroy's counsel asked the witness about the conversations he had with the Forest Service's counsel in preparation for the deposition, claiming those conversations were protected by the attorney-client privilege. Conroy's counsel replied that his contention was inconsistent with his pre-deposition statements and conduct.  Counsel for the parties called Judge Wells for advice on the matter.  The Forest Service's counsel indicated that he had done legal research on the topic, but since he had not filed a Motion for Protective Order, Conroy's counsel had not researched the topic.  Thus, the Court ordered that the parties submit simultaneous briefs on the matter by 1:00 pm on April 7, 2008, in preparation for a hearing on the matter on April 8th.

## ARGUMENT

Former District of Utah Judge Anderson, in the context of a different case, has already determined that former employees of a party are not necessarily represented by the party's

counsel.  In *Shearson Lehman Brothers, Inc., v. Wasatch Bank*, Judge Anderson was asked to decide whether the plaintiff could conduct ex parte interviews of defendant's former employees. 139 F.R.D. 412 (D. Utah 1991).  The Court made several findings that are important to the situation at bar.  First, the Court stated

> All attorneys practicing before this court, . . . shall be governed by and shall comply with the rules of practice adopted by this court and, unless otherwise provided, with the Utah Rules of Professional Conduct, as revised and amended; with the ABA Model Rules of Professional Conduct; and with the decision of this court interpreting those rules and standards.

*Id*. at 414.  The Court then analyzed the meaning of Utah Rules of Professional Conduct 4.2 (1990), which provides

> In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.

The Court analyzed the text and comment to this Rule, and decided that the defendant's "argument that former employees are within the scope of the rule is rejected." *Id.* at 417.  The Court relied upon the formal opinion from the American Bar Association's Committee on Ethics and Professional Responsibility filed in March 1991, which "observed that the comment to Rule 4.2 acts as a limitation on *present* corporate employees covered by the rule." *Id.*  The Court noted that in light of the ABA's opinion, neither the text of the Rule nor the comment provides any basis for determining that former employees are intended to be covered by the Rule.  *Id*.  Judge Anderson's opinion was relied upon by a Utah State Bar Ethics Opinion No. 04-04, a copy of which is attached hereto as Exhibit A.

   As discussed with the Court on April 3, 2008, the Agency's counsel informed Conroy's counsel in conversations setting up depositions that it did not have any control over the former

employees they wished to depose. In short, the Agency's counsel stated that he was not representing those employees. It is therefore disingenuous for the Agency's counsel to try to assert an attorney-client privilege over communications with that witness.[1] In fact, even if the case law were not clear regarding the fact that former employees are not necessarily represented by a party's counsel, here the Agency waived any such privilege in the circumstances of this case.

Under the circumstances of this case, Conroy believes it is appropriate to ask for sanctions here. Sanctions are within the sound discretion of the court. *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). "Determination of the correct sanction for a discovery violation is a fact-specific inquiry that the district court is best qualified to make." *Ehrebhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). The Agency's counsel represented to Conroy's counsel and the Court that he had done legal research on this matter and thus believed his objection to the testimony at issue to be justified. However, the fact that he did research the issue suggests he anticipated the dispute; therefore, he should have filed a Motion for Protective Order prior to the depositions. Since he did not, the parties have had to do additional research and briefing, attend a hearing on the matter, and assuming the Court rules that the testimony at issue is discoverable, reconvene those depositions. Moreover, there is controlling case law on point that suggests counsel's objection was not justified. All of this effort would have been unnecessary if the

---

[1] The opinion in *Shearson Lehman* also states,

> With respect to any unrepresented former employee, of course, the potentially-communicating adversary attorney must be careful not to seek to induce the former employee to violate the privilege attaching to attorney-client communications to the extent his or her communications as a former employee with his or her former employer's counsel are protected by the privilege.

*Id*. at 417. Conroy's counsel has made clear to the Agency's counsel and the Court that they do not intend to question the witnesses about conversations they had with counsel while still employed with the Agency, and thus, this point is not an issue here.

Agency's counsel had sufficiently researched the subject or filed the appropriate motion ahead of time. Accordingly, Conroy requests that the Agency be required to pay her attorneys' fees and costs associated with resolving this issue.

## CONCLUSION

For the reasons set forth above, Conroy respectfully requests that her counsel be allowed to question former employees about their conversations with the Agency's counsel after their employment with the Agency ended. Furthermore, she requests that she be awarded her fees and costs associated with obtaining this ruling. Finally, she requests that the discovery period in this case be lengthened by 30 days in order to allow her counsel to reconvene the two depositions at issue.

Dated this 7TH day of April, 2008.

STRINDBERG & SCHOLNICK, LLC

/s/ April L. Hollingsworth
April L. Hollingsworth
Attorneys for Plaintiff