

# Rules.Opinions.Policies

Utah State Bar >>>

Member Services
Find A Lawyer
Bar Directories
Public Services
Sections & Committees
Bar Admissions
CLE & MCLE
Rules Policies Opinions
OPC
Legal Resources
Law & Justice Center
Bar Journal

Site Search

Search the Site

Match ALL words

Search

## Utah State Bar Ethics Advisory Opinion Committee: Opinion No. 04-04

August 25, 2004

**1 Issue:** In litigation to enforce an oral contract allegedly made by a corporate defendant's former employee on behalf of the corporation, where the former employee was not a member of the control group, may the plaintiff's attorney contact the ex-employee without the consent of the corporate defendant's attorney?

**2 Answer:** The contact with the former employee is not unethical. Utah Rules of Professional Conduct 4.2 (2004) does not bar a lawyer's unauthorized contact with former employees of a represented corporate defendant except in very limited circumstances not applicable to this opinion.

**3 Facts:** A corporate defendant is represented by a lawyer in the defense of a claim based on an oral agreement allegedly made by a former employee of the corporate defendant while employed by the corporate defendant. The former employee was not a member of the "control group" as this term is defined in Utah Rules of Professional Conduct 4.2(c) (2) (2004), but the former employee did have authority to enter into contracts. The former employee is not separately represented by legal counsel with respect to the matter. We are asked whether the lawyer representing the corporate defendant represents the former employee with respect to the matter under Rule 4.2(c)(1)(B)(iii), thereby precluding plaintiff's counsel from communicating with the former employee with respect to the matter without complying with Rule 4.2(a).

**4 Analysis:** In 1991, the ABA's Committee on Ethics and Professional Responsibility addressed whether Model Rule 4.2 limits contacts with former employees. In ABA Formal Opinion 91-359 (1991), the ABA Committee concluded it does not. In pertinent part, the opinion provides:

> While the Committee recognizes that persuasive policy arguments can be and have been made for extending the ambit of Model Rule 4.2 to cover some former corporate employers [sic], the fact remains that the text of the Rule does not do so and the comment gives no basis for concluding that such coverage was intended. Especially where, as here, the effect of the Rule is to inhibit the acquisition of information about one's case, the Committee is loath,

Member Login

Login

Password

Sign In

forgot your password?

Rules, Opinions, & Policies

Rules of Professional Conduct (Ch13)
Rules Governing the Utah State Bar (Ch14)
Ethics Advisory Opinions Index
Ethics Advisory Opinion Committee (EAOC)
Rules Governing EAOC
EAOC Rules of Procedure
Utah Bar Licensing Policies
CLE Cancellation Policy
Web Site Usage Policy

given the text of Model Rule 4.2 and its Comment, to expand its coverage to former employees by means of liberal interpretation.

Accordingly, it is the opinion of the Committee that a lawyer representing a client in a matter adverse to a corporate party that is represented by another lawyer may, without violating Model Rule 4.2, communicate about the subject of the representation with an unrepresented former employee of the corporate party without the consent of the corporation's lawyer.

**5** The only Utah court to have carefully considered this issue followed the ABA's interpretation of Model Rule 4.2 at a time when Utah Rules of Professional Conduct 4.2 mirrored the Model Rule. In Shearson Lehman Bros., Inc. v. Wasatch Bank, 139 F.R.D. 412 (D. Utah 1991), plaintiff's counsel sought to interview 24 former bank tellers regarding bank practices during the time an employee allegedly fraudulently endorsed checks. The court held:

> Today this court joins the ranks of those which have construed Rule 4.2 consistently with the position taken by the ABA Committee on Ethics and Professional Responsibility. Under this court's rules of practice, Utah Rule of Professional Conduct 4.2 as well as ABA Model Rule 4.2 do not prohibit ex parte contact with the former employees of an organizational party that is represented by counsel.

**6** Utah Rules of Professional Conduct 4.2 was amended in 1996 and 1999 and now differs considerably from Model Rule 4.2. The only remaining issue, then, is whether Utah's substantial revision of Rule 4.2 affects the foregoing interpretation.

**7** The 1999 revisions to Rule 4.2 included the addition of Rule 4.2(c), which provides in relevant part as follows:

> (c) Organizations as Represented Persons
>
>> (1) When the represented "person" is an organization, an individual is "represented" by counsel for the organization if the individual is not separately represented with respect to the subject matter of the communication, and...
>>
>>> (B) with respect to a communication by a lawyer in any other matter [a matter not involving a communication by a government lawyer in a

civil or criminal law enforcement matter], is known by the lawyer to be

(i) a current member of the control group of the represented organization; or

(ii) a representative of the organization whose acts or omissions in the matter may be imputed to the organization under applicable law; or

(iii) a representative of the organization whose statements under applicable rules of evidence would have the effect of binding the organization with respect to proof of the matter.

Rule 4.2 (c) provides that counsel for an organization represents members of the "control group" of the organization (1) and under specified limited circumstances "a representative of an organization", if such persons are not separately represented in the matter.

**8** The language of Rule 4.2 (c)(1)(B)(i) specifically pertains only to

a "current member of the control group" (emphasis added). While Rules 4.2 (c)(1)(B)(ii) and 4.2 (c)(1)(B)(iii) do not specifically reference a current "representative of the organization", the Committee concludes that this is the proper interpretation of Rule 4.2. The Comment to Rule 4.2 removes any doubt about the intent of the revision on this issue. The Comment provides:

> "The purpose of this Rule is to foster and protect legitimate attorney-client relationships. It seeks to guard against inequities that exist when a lawyer speaks to an untrained lay person. The Rule should not, however, be used as a vehicle to thwart appropriate contact between lawyers and lay persons."
>
> "In general, however, a lawyer may, consistent with this Rule, interview a former employee of an organization without consent of the organization." (2)

**9** The Comments to the Rules of Professional Conduct carry considerable weight. The Utah Supreme Court adopted the Comment when it adopted Rule 4.2, most recently when Rule 4.2 was amended on September 3, 1999. Further, the Preamble to the Rules states: "The Comment accompanying each Rule explains and illustrates the meaning and purpose of the Rule. . . . The Comments are intended as guides to interpretation, but the text of the Rule is authoritative."

**10** The "control group" for purposes of Rule 4.2.(c)(1)(B)(i) includes any "current employee or official who is known to be participating as a principal decision maker in the determination of the organization's legal position in the matter" (emphasis added). The Comment to Rule 4.2 explains that "current employee" in the context of Rule 4.2(c)(1)(B)(i) includes those "who return to the company's payroll or are specifically retained for compensation by the organization to participate as principal decisionmakers for a particular matter." (3) The Committee finds this Comment to be equally applicable to Rules 4.2(c)(1)(B)(ii) and 4.2(c)(1)(B)(iii). The former employee described in the request for opinion does not fall within this interpretative guide. Accordingly, we conclude that Rule 4.2 does not bar the unauthorized contact by plaintiff's counsel with the former employee. Of course, nothing in this opinion relieves an attorney of the duty to comply with other ethical rules governing contact with unrepresented persons and potential witnesses. See, e.g., Rules 3.4 (fairness to opposing party and counsel); 4.1 (truthfulness in statements to others); Rule 4.3 (dealing with unrepresented person); Rule 4.4 (respect for rights of third persons); Rule 8.4 (misconduct).

FOOTNOTES

(1) The "control group" is defined in Utah Rules of Professional

Conduct 4.2 (c)(2), as follows:

> The term "control group" means the following persons: (A) the chief executive officer, chief operating officer, chief financial officer, and chief legal officer of the organization; and (B) to the extent not encompassed by the following, the chair of the organization's governing body, president, treasurer, and secretary, and a vice-president or vice-chair who is in charge of a principle business unit, division, or function (such as sales administration, or finance) or performs a major policy-making function for the organization and (C) any other current employee or officer who is known to be participating as a principal decision maker in the determination of the organization's legal position in the matter.

(2) It bears noting that although Rule 4.2 was substantially amended in 1999, this sentence limiting the Rule's general application to current employees was not.

(3) Utah Rules of Professional Conduct 4.2 Comment.



The Utah State Bar presents this web site as a service to our members and to the public. Information presented in this site is NOT legal advice. Please review the Terms of Use for more policy, disclaimer & liability information - ©Utah State Bar email:webmaster@utahbar.org