___

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

___

| | |
|---|---|
| LAURA CONROY<br><br>              Plaintiff,<br><br>vs.<br><br>EDWARD T. SCHAFER,<br><br>              Defendant. | 2:06-CV-0867 DB<br><br>**MEMORANDUM DECISION AND ORDER GRANTING EXTENSION OF TIME**<br><br>Judge Dee Benson<br><br>Magistrate Judge Brooke C. Wells |

   This matter comes before the Court on Plaintiff's Motion to Extend Deadline for Expert Reports.[1] After considering the parties respective memoranda on the motion,[2] the Court finds that a hearing on the matter is not necessary to its resolution. Having considered the pleadings, case law, and being fully informed the Court GRANTS Plaintiff's motion.

   Rule 16 provides that a "schedule may be modified only for good cause and with the judge's consent."[3] As noted by Defendant, "'The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements.'"[4] Defendant argues that Plaintiff has not been diligent in pursuing this case and therefore the motion should be denied. For example, Plaintiff did not conduct her first

___

[1] Docket no. 60.
[2] Docket nos. 61, 62, and 63.
[3] Fed. R. Civ. P. 16(b)(4).
[4] *Edizone, LC. v. Cloud Nine, LLC*, 505 F.Supp.2d 1226, 1231 (D.Utah 2007) (quoting *Inge v. Rock Financial Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)).

deposition until "nearly seven months after the fact discovery period began."[5]  And, the vast majority of Plaintiff's depositions took place in the last month of the discovery period.[6]  In contrast, Plaintiff argues that she did not take the depositions earlier because she was waiting for requested discovery from Defendant.[7]  Moreover, twice Defendant requested extensions on the deadlines for its discovery answers and Conroy agreed to these extensions.

After reviewing the record, the Court finds Conroy has been diligent in pursuing this matter.  She should not be punished for a strategic decision-thinking it was better to wait for requested discovery before taking depositions.  Instead, this case appears to fit the normal pattern found in many civil disputes where despite the diligent efforts of both parties deadlines cannot always be met.

Accordingly, the Court GRANTS Plaintiff's motion.  Conroy may have an additional 30 days to complete her expert reports and may designate an expert on gender bias, Nancy Dodd.[8]  Additionally, pursuant to Conroy's agreement the Court also extends the deadline for Defendant's expert reports by 30 days.  Finally, the Court is concerned with the burden this new schedule may inflict upon Defense counsel and any "long-planned family vacations."[9]  Therefore, if the new schedule becomes too burdensome, the parties may file a joint proposed

---

[5] Op. p. 4.
[6] *See id.*
[7] *See* reply p. 3.
[8] In essence, Plaintiff designated Ms. Dodd as an expert by the deadline found in the scheduling order-April 30, 2008-by including her in the motion which was filed on this same date.  Ms. Dodd, however, has not filed any expert report(s).
[9] Op. p. 8.

schedule that moves both the dispositive motion filing deadline and the trial date.  Both the Court and Plaintiff are agreeable to a new trial date,[10] which may be necessary to balance the demands of practicing law with the need to maintain a healthy lifestyle outside of ones chosen career.

DATED this 15th day of May, 2008.

_____
Brooke C. Wells
United States Magistrate Judge

---

[10] *See* reply p. 6 fn. 2.