---

## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DIVISION, DISTRICT OF UTAH

---

| | | |
|---|---|---|
| **LAURA CONROY,** | : | |
| **Plaintiff,** | : | **Civil No. 2:06-cv-867** |
| **vs.** | : | **ORDER & RULING** |
| **EDWARD SCHAFER, Secretary of Agriculture, United States, Department of Agriculture,** | : | **JUDGE CLARK WADDOUPS** |
| | | **MAGISTRATE JUDGE BROOKE C. WELLS** |
| **Defendant.** | | |

---

Currently before the Court is plaintiff "Motion For Order Requiring Defendant To Pay Nancy Dodd's Expert Deposition Fees And Expenses" in the amount of $6,390.59.[1] For the reasons now stated herein, the Court requests additional information in the form of an affidavit clarifying the time Professor Nancy Dodd ("Ms. Dodd") spent preparing for her June 17, 2008, her deposition.

On June 17, 2008, defendant took the deposition of Ms. Dodd in Salt Lake City, Utah.[2] The deposition commenced at 9:25 a.m. and after several recesses and a lunch

---

[1] Document No. 132.

[2] Plaintiff's Memorandum In Support, pg. 2; Document 133.

break, the deposition concluded at approximately 2:30 p.m.[3]   Thereafter, Ms. Dodd

provided an invoice requesting reimbursement from defendant at the rate of $275.00

per hour for 19.5 hours of "preparation and deposition time" through July 18, 2008.[4]

While defendant agrees to reimburse Ms. Dodd "for her travel and lodging

expenses and for the time she spent providing actual testimony" defendant denies any

obligation to compensate Ms. Dodd for time spent preparing for her deposition.[5]

Defendant argues that any further inquiry into the inherent "reasonableness" of Ms.

Dodd's preparation time is unnecessary since in her deposition Ms. Dodd stated that

the only document she reviewed in preparation therefore was an eleven-page Amended

Complaint.[6]   Additionally, defendant objects to Ms. Dodd's reimbursement rate request

of $275.00 per hour, an amount $75.00 per hour more than the consulting rate claimed

in her expert report.[7]

Rule 26 of the Federal Rules of Civil Procedure provides that unless "manifest

injustice would result," the court must require the party seeking discovery to "pay the

expert a reasonable fee for time spent in responding to discovery."[8]   It is within the

---

[3]Plaintiff's Memorandum In Support, pg 2; Document 133.  Defendant's
Memorandum In Opposition, pg. 2; Document 134.

[4]Defendant's Memorandum In Opposition, Exhibit D; Document 134-6.

[5]Defendant's Memorandum In Opposition, Exhibit G; Document 134-9.

[6]Defendant's Memorandum In Opposition, pg. 8; Document 134.

[7]See, July 20, 2008 Invoice; Document 134-6.

[8]Fed. R. Civ. P. 26(b)(4)(C)(i).

court's discretion to determine the reasonableness of an expert's deposition fees.[9]
When a party submits discovery costs, the court has discretion to "limit or alter those
costs if they appear to be unreasonable."[10]  The ultimate burden of proving the
reasonableness of fees requested is with the party seeking reimbursement.[11]

Here, upon review of her deposition testimony, the Court is persuaded that Ms.
Dodd's review of the Amended Complaint was in preparation for her expert report and
in fact not the only document she reviewed in preparation for the deposition.[12]  That
said, however, the reasonableness of Ms. Dodd's request for reimbursement cannot be
determined simply by a review of the submitted invoice.  For that reason, the Court
requests that within twenty (20) days of receipt of this Order Ms. Dodd submit an
affidavit detailing her preparation[13] for the said deposition to include information on the
extensive materials and records reviewed.[14]  Ms. Dodd shall not be entitled to
reimbursement for lunch and other breaks– time during which she was not preparing for

---

[9]Edin v. Paul Revere Life Ins. Co., 188 F.R.D. 543, 545-46 (D. Ariz. 1999).

[10]Knight v. Kirby Inland Marine Inc., 482 F.3d 347, 355 (5th Cir. 2007); *see also,* Chambers v. Ingram, 858 F.2d 351, 361 (7th Cir. 1988).

[11]Fiber Optics Designs, Inc. v. New Eng. Pottery, LLC, 2009 U.S. Dist. LEXIS 119669, at *10.

[12]Dodd Deposition, at 33.

[13] Plaintiff concedes that defendant is not responsible to pay for the time that Professor Dodd spent meeting with plaintiff's attorneys to review her preparation.  *See,* Plaintiff's Memorandum In Support, pg 3; Document 133.  *See also,* Boos v. Prison Health Services, 212 F.R.D. 578 (Kan. 2002).

[14] Plaintiff's Reply Memorandum, at 4; Document 135.

her testimony or actually testifying.[15]  Upon receipt and review of Ms. Dodd's affidavit, the Court shall issue a ruling determining what fees are reasonable and appropriate for reimbursement under Rule 26.

As a final matter, the Court finds that Ms. Dodd is entitled to an hourly rate of $200.00, an amount consistent with the rate set forth in Ms. Dodd's expert report.[16]

DATED this 24th  day of February, 2010.

BY THE COURT:

Brooke C. Wells
United States Magistrate Judge

---

[15]See, Knight, at 356.

[16]Fed. R. Civ. P. 26(a)(2)(B)(vi); Fiber Optic Designs, at *3-5.